# EXHIBIT 4

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/4/2020 4:14 PM
JAMIE SMITH
DISTRICT CLERK
B-206542

CAUSE NO. B206542

| | | |
|---|---|---|
| TRI-CON, INC. and STARR SURPLUS LINES INSURANCE COMPANY | § § § | IN THE DISTRICT COURT OF |
| vs. | § § | JEFFERSON COUNTY, TEXAS |
| UNION PACIFIC RAILROAD COMPANY | § § § | 104th JUDICIAL DISTRICT |

**PLAINTIFFS TRI-CON, INC. AND STARR SURPLUS LINES INSURANCE COMPANY'S ORIGINAL PETITION AND PLAINTIFF TRI-CON, INC.'S APPLICATION FOR PERMANENT INJUNCTION**

Plaintiffs Tri-Con, Inc. ("Tri-Con") and Starr Surplus Lines Insurance Company ("Starr"), as subrogee of Tri-Con, Inc., (together, the "Plaintiffs") file this Original Petition complaining of Defendant Union Pacific Railroad Company ("Union Pacific"). Tri-Con further files this pleading as its Application for Permanent Injunction. In support thereof, Plaintiffs state as follows:

## I.
## DISCOVERY CONTROL LEVEL

1. Discovery should be conducted under Level 3 of Texas Rule of Civil Procedure 190.

## II.
## STATEMENT OF RELIEF

2. Plaintiffs seek monetary relief that exceeds $1,000,000.

## III.
## PARTIES

3. Tri-Con is a Texas corporation with its principal office at 7076 West Port Arthur Road, Jefferson County, Texas 77705.

4. Starr is an Illinois Corporation with its principal office at 399 Park Ave., FL 8, New York, NY 10022. At all relevant times, Starr was authorized to conduct and transact business in the State of Texas and was a property insurer for Tri-Con.

1

10794188v1

5. Union Pacific Railroad Company is a Delaware corporation registered to do business and doing business in Texas. Union Pacific may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201.

## IV.
## VENUE AND JURISDICTION

6. Venue is both proper and mandatory in Jefferson County, Texas under Texas Civil Practice and Remedies Code § 15.011 because this is a suit to recover damages to real property wholly located in Jefferson County, Texas. Venue is also proper in Jefferson County, Texas under Texas Civil Practice and Remedies Code § 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas.

7. This Court has jurisdiction over the subject matter of this case because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. This Court has personal jurisdiction over Union Pacific because Union Pacific is registered to do business in Texas, is doing business in Texas, owns property in Texas (including in Jefferson County, Texas), and has purposefully availed itself of the rights and privileges of conducting business in Texas. This Court also has personal jurisdiction over Union Pacific because it committed a tort, which is the subject of this suit, in whole or in part in Texas as is explained in further detail below.

## V.
## FACTUAL BACKGROUND

9. Tri-Con is a distributor of petroleum and lubricant products that owns a terminal and headquarters facility located at 7076 West Port Arthur Road, Beaumont, Jefferson County, Texas (the "Property"). The Property is located on the west side of West Port Arthur Road.

2

10794188v1

10. Starr at all relevant times provided a policy of insurance to Tri-Con, covering, among other things, damage to property and business interruption. As a result of the incident described in this Original Petition, Tri-Con made a first party claim for insurance, and pursuant to the terms of the policy, Starr has made payments on the claim. To the extent of the payments made by Starr, Starr is subrogated to the rights of Tri-Con for any claims of damage against Union Pacific.

11. A Union Pacific rail line runs parallel to and east of West Port Arthur Road on the opposite side of the highway from the Property. The Union Pacific rail line is located on a man-made earthen berm, and there are drainage culverts at the base of the berm.



**Figure 1** - Ground Level View of Culverts

12. The drainage culverts at issue are located directly across the highway from Tri-Con's Property.

3

10794188v1



**Figure 2** - View of Culverts from Tri-Con Property

13.   The drainage culverts allow surface water that is detained, collected, or impounded on the east side of the berm to flow and/or drain to the west side of the berm.



**Figure 3** - Impoundment of Water and Flow through Culverts

14. West Port Arthur Road has been designated by the Texas Department of Transportation (TxDOT) as State Highway Spur No. 93. The TxDOT construction drawings for State Highway Spur No. 93 depict a 597 acre drainage area detained northeast of the rail line. The drawings show the surface water runoff from the detained drainage area being released through two 30-inch culverts into a drainage ditch that runs along State Highway Spur No. 93 and estimated that the runoff would be released at a rate of 71.10 cubic feet per second. The runoff was then to be conveyed through the TxDOT drainage ditch to the Moore Street Ditch.

15. According to documents thus far produced by Union Pacific, the 30-inch culverts that had been factored into the design of the drainage facilities along State Highway Spur No. 93 collapsed in April 2016. The damaged 30-inch culverts were then replaced between June 2016 and January 2017 with significantly larger 48-inch culverts that appear also to have been placed deeper in the ground with a lower flow line. The larger drainage culverts installed with a lower flow line meant that a significantly greater volume of water could flow through the culverts with a higher velocity. The new culverts increased the surface water runoff release rate to approximately 249.65 cubic feet per second, which is roughly 250% higher than the release rate shown in the TxDOT plans for the 30-inch culverts.



**Figure 4** - Relative Sizes of Culverts

5

16. Upon present information and belief, Union Pacific failed to seek approval from TxDOT or any other governmental entities prior to making this change in the culverts, did not obtain a permit for the work, and did not conduct an impact study which would have shown that the drainage facilities along West Port Arthur Road were not capable of conveying a 250% increase in water flow.

17. In August 2017, Tri-Con experienced severe flooding during the time of Hurricane Harvey and suffered significant property damage. The Property's structures were flooded and severely damaged. Tri-Con also lost thousands of gallons of fuel and lubrication products that were contaminated with floodwater. This was the first flood event that occurred at the Property since Tri-Con began operating out of the location in the early 1970's.

18. In September 2019, the Property again experienced catastrophic flooding in at the time of Tropical Storm Imelda. The flooding that Tri-Con experienced in 2019 was noticeably different from the flooding in the surrounding area. The water was deeper in the area around the Property and it took almost a week longer for the water to recede in that area than it took for the water to recede in the surrounding area. During this period, Tri-Con personnel observed a continuous, pressurized flow of water out of the Union Pacific drainage culverts that rushed across West Port Arthur Road and caused sustained, deep flooding of Tri-Con's Property.

19. Given the foregoing, it is now clear that enlarging and lowering the drainage culverts has significantly increased the volume and flow rate of impounded surface water that is discharged from the culverts. The collection of surface water by the berm and the concentrated discharge of that water by the larger, lower culverts has been disastrous for Tri-Con and caused repeated catastrophic flooding of Tri-Con's Property that would not have occurred <u>but for</u> Union Pacific's modifications to the culverts. The flooding and related damages have also severely

interrupted and interfered with Tri-Con's business operations and forced Tri-Con to operate out of temporary facilities for a significant amount of time.

## VI.
## CAUSES OF ACTION

### A. Violation of the Texas Water Code

20. Tri-Con and Starr repeat and re-allege the allegations of the preceding paragraphs of this Original Petition as if fully set forth herein.

21. Texas Water Code § 11.086, "Overflow caused by Diversion of Water," provides:

> (a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.
>
> (b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow.

TEX. WATER CODE § 11.086(a), (b). Thus, a private party may recover damages under Section 11.086 when "(1) a diversion or impoundment of surface water, (2) causes, (3) damage to the property of the plaintiff landowner." *Tex. Woman's Univ. v. The Methodist Hosp.*, 221 S.W.3d 267, 277 (Tex. App.--Houston [1st Dist.] 2006, no pet.) (quoting *Dietrich v. Goodman*, 123 S.W.3d 413, 417 (Tex. App.--Houston [14th Dist.] 2003, no pet.)). Section 11.086 "imposes a duty of strict liability." *Id.* at 286.

22. Tri-Con and Starr are entitled to recover damages in this case because Union Pacific has impounded surface water and diverted it in such a manner that the surface water has caused significant damages to Tri-Con's Property. Therefore, Tri-Con and Starr seek recovery of all costs to repair, restore, or replace the Property, its contents, and all personal property damaged by the flood events.

7

**B.    Negligence**

23.    Tri-Con and Starr repeat and re-allege the allegations of the preceding paragraphs of this Original Petition as if fully set forth herein.

24.    Union Pacific owed a legal duty to Tri-Con to not wrongfully burden the Property with stormwater runoff in greatly increased, concentrated, or unnatural quantities. Union Pacific breached this duty by accumulating or collecting stormwater on the east side of the rail berm and discharging the stormwater in a concentrated area across from Tri-Con's Property. Union Pacific has purposefully and intentionally increased both the volume and the velocity of the stormwater runoff that passes through the culverts, causing it to pass over onto Tri-Con's Property in increased quantities, in a different state, and in a manner that has caused significant flooding and damage to the Property. Union Pacific's breach of its legal duty proximately caused injuries to Tri-Con's Property. Given the foregoing, Tri-Con and Starr are entitled to recover the loss in the market value of the Property proximately caused by Union Pacific and/or all costs to repair, restore, or replace the Property, its contents, and all personal property damaged by the flood events.

**B.    Nuisance**

25.    Tri-Con and Starr repeat and re-allege the allegations of the preceding paragraphs of this Original Petition as if fully set forth herein.

26.    Tri-Con owns the Property. Union Pacific has interfered with or invaded Tri-Con's Property by detaining, collecting, or impounding stormwater on the east side of the rail berm and discharging the stormwater in a concentrated area across from Tri-Con's Property. Union Pacific purposefully and intentionally increased both the volume and the velocity of the stormwater runoff that passes through the culverts, causing it to pass over onto Tri-Con's Property in increased quantities, in a different state, and in a manner that has caused significant flooding and damage to

the Property. Union Pacific's interference and/or invasion occurred through conduct that was negligent, intentional and unreasonable, or abnormal and out of place in its surroundings. This conduct has resulted in a condition that has substantially interfered with Tri-Con's private use and enjoyment of the Property, causing injury to Tri-Con. Tri-Con and Starr are therefore entitled to recover damages for loss in market value of the Property or damages for lost use and enjoyment of the Property. Tri-Con and Starr are also entitled to recover as special damages its costs to repair, restore, or replace the Property, its contents, and all personal property damaged by the flood events.

### C.  Trespass

27.   Tri-Con and Starr repeat and re-allege the allegations of the preceding paragraphs of this Original Petition as if fully set forth herein.

28.   Tri-Con owns the Property. Union Pacific has improperly caused, permitted, or diverted stormwater runoff so that it crossed the boundary of the Property without authorization from Tri-Con. Union Pacific's trespass on the Property has caused injury to Tri-Con. Tri-Con and Starr are therefore entitled to recover damages measured by either the cost to restore or repair the Property or the loss in the market value of the Property proximately caused by Union Pacific.

### VII.
### TRI-CON'S APPLICATION FOR PERMANENT INJUNCTION

29.   Tri-Con repeats and re-alleges the foregoing allegations as if fully set forth herein.

*30.*   Tri-Con requests that this Court enter a Permanent Injunction as permitted by Texas Civil Practice and Remedies Code § 65.001 *et seq.* and Texas Rule of Civil Procedure 680 *et seq.*

31.   Union Pacific has diverted or impounded the natural flow of surface waters in the area near Tri-Con's Property and has permitted the diversion or impounding to continue in a manner that damages Tri-Con's Property by the overflow of the water diverted or impounded by Union Pacific.

32. In addition to, or in the alternative, as a direct and proximate result of Union Pacific's conduct as described herein, Tri-Con has suffered and is suffering irreparable harm through the creation of a nuisance that is of a recurring nature. Furthermore, irreparable injury to real or personal property is threatened as a result of the issues described herein. There have been two significant flood events at the Property since 2017, and it is only a matter of time before another major rain event occurs and Tri-Con's Property will be flooded again.

33. Tri-Con enjoys a substantial likelihood that it will prevail on the merits of its claims and has a probable right to the relief sought herein. Union Pacific wrongfully increased the size of the culverts and lowered their flow line, and thereby increased the surface water runoff volume and release rate of the culverts to approximately 249.65 cubic feet per second, which is roughly 250% higher than the release rate shown in the TxDOT plans. Union Pacific made this change without seeking approval from TxDOT or any other governmental entities, did not obtain a permit for the work, and did not conduct an impact study by which it would have discovered that the drainage facilities along West Port Arthur Road were not capable of conveying a 250% increase in water flow. It is clear that the wrongful conduct of Union Pacific caused the flooding events at issue in this lawsuit because Tri-Con had never flooded prior to the change in the culverts and has flooded twice since the culverts were changed.

34. The equities in this matter weigh heavily in favor of Tri-Con and the issuance of a Permanent Injunction. Further, the magnitude of the injury being suffered due to Union Pacific's wrongful conduct heavily outweighs whatever hardship Union Pacific could allege or prove by the granting of the injunctive relief requested herein.

35. Given the foregoing, Tri-Con requests that the Court issue a Permanent Injunction that bars Union Pacific from: (i) diverting or impounding the natural flow of the surface waters in

the vicinity of Tri-Con's Property in a manner that damages Tri-Con's Property by the overflow of the water diverted or impounded; (ii) permitting a diversion or impounding by Union Pacific to continue in any manner that damages Tri-Con's Property by the overflow of the water diverted or impounded; and (iii) discharging stormwater runoff from the culverts at issue at a rate greater than 71.10 cubic feet per second.

36. Tri-Con reserves the right to seek temporary injunctive relief consistent with the relief described above.

## VIII.
## CONDITIONS PRECEDENT

37. All conditions precedent to the claims for relief herein have been performed, have occurred, or have been waived by Union Pacific.

## IX.
## REQUEST FOR DISCLOSURE

38. Under Texas Rule of Civil Procedure 194, Union Pacific is requested to disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Tri-Con and Starr request and pray that upon trial on the merits, Tri-Con and Starr be awarded: (i) actual damages; (ii) pre- and postjudgment interest at the maximum legal rate; and (iii) its taxable costs of court. Tri-Con also requests that the Court issue a permanent injunction as set forth above. Finally, Tri-Con and Starr would also request they be awarded such other and further relief to which they may show themselves to be entitled.

Dated: November 4, 2020

Respectfully submitted,

By: /s/ Stephen H. Lee
**STEPHEN H. LEE**
State Bar No. 00791092
slee@porterhedges.com
**SEAN M. MCCHRISTIAN**
State Bar No. 24067751
smcchristian@porterhedges.com
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6632 (phone)
(713) 226-6232 (fax)

**P. ALAN SANDERS**
**MOORE LANDREY, LLP**
State Bar No. 17602100
PasLaw@MooreLandrey.com
(409) 882-1706 (phone)

Primary Practice Location:

527 21st St., No. 27
Galveston, Texas 77550

Secondary Office Location:

905 Orleans Street
Beaumont, Texas 77701
Office Telephone: (409) 835-3891

**ATTORNEYS FOR PLAINTIFF**
**TRI-CON, INC.**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

DEC 0 7 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

By: /s/ Paul B. Hines
    **PAUL B. HINES**
    State Bar No. 24104750
    phines@dt-law.com
    **EVAN J. MALINOWSKI**
    State Bar No. 24119454
    emalinowski@dt-law.com
    **DENENBERG TUFFLEY, PLLC**
    28411 Northwest Highway, Suite 600
    Southfield, MI 48034
    (248) 549-3900 Telephone
    (248) 593-5808 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**STARR SURPLUS LINES INSURANCE**
**COMPANY**

10794188v1