| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

TRI-CON, INC. and STARR SURPLUS  §
LINES INSURANCE COMPANY,          §
                                  §
       *Plaintiffs*,              §
                                  §
*versus*                          §   CIVIL ACTION NO. 1:20-CV-535
                                  §
UNION PACIFIC RAILROAD            §
COMPANY,                          §
                                  §
       *Defendant*.              §

## MEMORANDUM ORDER OVERRULING PLAINTIFF TRI-CON'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72.

On August 4, 2023, Judge Stetson issued a Report and Recommendation (#101) with the following conclusions and recommendations: (1) Defendant's Motion for Summary Judgment (#67) should be **GRANTED** as to the Hurricane Harvey claims, and those claims should be **DISMISSED** from the suit as untimely, and (2) Defendant's Motion for Summary Judgment (#67) should be **DENIED** on all other grounds.

### I. Plaintiff Tri-Con Inc.'s Objections to the Report and Recommendation (#101) are overruled

On August 18, 2023, Plaintiff Tri-Con timely filed objections (#102) to the Report and Recommendation. (#101.) A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Tri-Con filed written objections in a timely manner, it failed to specifically allege where the magistrate judge erred in applying the law or material facts. Plaintiff merely restated arguments from its response to Defendant's Motion for Summary Judgment. (#81 at 21-23.) Nonetheless, the court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation (#101) to which Tri-Con has discernably objected.

#### A. Tri-Con Inc.'s Objections

Plaintiff Tri-Con Inc.'s objections suggest the following errors: (1) the magistrate judge improperly dismissed Plaintiff's Hurricane Harvey claims by misinterpreting the discovery rule

(#102 at 1-2), and (2) improperly granted summary judgment when there were factual issues allegedly in dispute (#102 at 2-3).

*1. The magistrate judge properly interpreted the Discovery Rule*

The magistrate judge dismissed Plaintiff's Hurricane Harvey claims as untimely. (#101 at 140.) Plaintiff asserts that the magistrate judge did not properly apply the "discovery rule." (#102 at 1-2.) There is no dispute that Plaintiff Tri-Con was aware of flooding on its property when it occurred in August, 2017. (#101 at 13.) Over three years later, Plaintiff filed suit on November 2, 2020. (#4.) Plaintiff does not dispute that the applicable statute of limitations is two years. (#102 at 1-2); *see* (#101 at 5-6).

Instead, Plaintiff argues, as it did in its response to Defendant's motion for summary judgment (#81 at 21-23), that the discovery rule tolls the statute of limitations until the *cause* of an injury is discovered. (#102 at 1-2.) In its objection, Tri-Con cites the Texas Court of Appeals decision of *Burke v. Union Pacific Resources Company* recognizing that Texas courts consistently apply the discovery rule to toll statutes of limitations in actions for damages to property. *Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 61 (Tex. App.—Texarkana Apr. 16, 2004, pet. dism'd). (#102 at 1.)

However, in that very case, the Texas Court of Appeals noted that Texas courts have "specifically rejected the contention that the cause of action does not accrue until the *cause* of the injury to the property is discovered." *Burke*, 138 S.W.3d at 61 (emphasis added) (citing *Walton v. Phillips Petroleum Co.*, 65 S.W.3d 262, 272-73 (Tex. App.—El Paso 2001, pet. denied); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 437 (Tex. App.—Fort Worth 1997, pet. denied); *Yancy v. City of Tyler*, 836 S.W.2d 337, 339 (Tex. App.—Tyler 1992, writ denied)); *see also PPG Indus. v. JMB/Hous. Ctrs. Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004)

(citation omitted) ("[T]he discovery rule does not linger until a claimant learns of actual causes and possible cures. Instead, it tolls limitations only until a claimant learns of a wrongful injury. Thereafter, the limitations clock is running, even if the claimant does not yet know [] the specific cause of the injury.").

Accordingly, the magistrate judge properly applied the discovery rule and dismissed claims related to Hurricane Harvey as untimely. This objection is overruled.

### 2. *The magistrate judge properly granted summary judgment*

Plaintiff objects to the magistrate judge's granting of summary judgment by alleging there were factual issues at play. (#102 at 2-3.) Specifically, Plaintiff argues that it is a disputed issue of fact as to whether it would have discovered the cause of the injuries to its property with due diligence, and thus summary judgment is improper. (*Id*.) However, it is unclear how this observation makes summary judgment improper.

The magistrate judge properly disposed of Plaintiff's argument that the discovery rule tolls the statute of limitations until Plaintiff discovered the cause of the injuries. (#101 at 13, #102.) The magistrate judge found that (1) the discovery rule tolls statute of limitations until the date the injury is discovered, and (2) that the summary judgment evidence established that Tri-Con was aware of the injury to its property when it occurred as the injury was not inherently undiscoverable. (#101 at 13.)

Plaintiff's objection muddles the standard for summary judgment. The presence of factual determinations does not prohibit a judge from granting summary judgment, rather summary judgment should be granted if the moving party can show "there *is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (emphasis added).

Here, whether the Plaintiff used due diligence to discover the cause of its property damage is immaterial to the magistrate judge's first reason for granting summary judgment. As explained above, the discovery rule tolls statutes of limitations in property damage actions until an injury is discovered. *Burke v. Union Pac. Res. Co.*, 138 S.W.3d at 61. There are no genuine disputes of fact relating to when the flooding damages were discovered, and the date Plaintiff filed suit. Accordingly, the magistrate judge properly granted summary judgment.

As for the magistrate judge's second reason for granting summary judgment, there is likewise no error. There is no dispute of material fact where a party makes only a conclusory argument, as Plaintiff does in its objection. *Hugh Symons Grp., PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)).(#102 at 2-3.) Plaintiff states that due diligence *may* not have uncovered the cause of the injury, (#102 at 2-3), but Plaintiff points to no genuine dispute of material fact overlooked in the recommendation. Instead, Plaintiff merely observes that facts play a role in determining if a party used due diligence to discover the cause of an injury. (#102 at 2-3.)

### B. Tri-Cons' objections are overruled

The court has conducted a *de novo* review of Tri-Con's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff Tri-Con's objections (#102) are **OVERRULED**. The Report and Recommendation of the United States Magistrate Judge (#101) is **ADOPTED** as to Defendant's Motion for Summary Judgment (#67).

## II.     Conclusion and Order

For the foregoing reasons, Plaintiff Tri-Con's objections (#102) are **OVERRULED**. Accordingly, the Report and Recommendation of the United States Magistrate Judge (#101) is **ADOPTED** in full.

Defendant's Motion for Summary Judgment (#67) is **GRANTED** as to the Hurricane Harvey claims, and those claims are **DISMISSED** from this suit as untimely.  Defendant's Motion for Summary Judgment (#67) is **DENIED** on all other grounds.

SIGNED at Beaumont, Texas, this 6th day of September, 2023.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE